ARCHER VS. ROMAINE.

The provision of the statutes of this state (sec. 23, chap. 125, R. S.,) that "in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made," &c., applies to the judgments or other determinations of courts of special jurisdiction in other states as well as to those of like courts in this state.

APPEAL from the Circuit Court for *Dane* County.

Action upon a judgment of the Marine Court of the city of New York. The complaint alleged that the judgment was " duly given " in that court, but did not state the facts conferring jurisdiction upon the court, either as to the person of the defendant or the subject matter of the suit. Answer, a general denial. On the trial, the plaintiff offered in evidence an exemplified copy of the record of the judgment mentioned in the complaint; but the defendant objected on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the objection. Judgment of non-suit.

*Wakeley & Vilas*, for appellant, cited R. S., chap. 125, sec. 23; *Willey v. Strickland*, 8 Ind., 453 ; *Draggoo v. Graham*, 9 id., 214.

*Hopkins & Johnson*, for respondent, argued that when documentary evidence is rejected, the decision will not be reviewed unless the rejected evidence is made part of the bill of exceptions. 2. Sec. 23, chap. 125, R. S., relates only to courts of special jurisdiction; but the pleadings in this case do not show whether the Marine Court is a court of general or special jurisdiction. 3. That section does not apply to *foreign* judgments. In a suit on such a judgment it is necessary to set out the statute giving jurisdiction. *Hollister vs. Hollister*, 10 How. Pr. R., 532, 539. Such statutes must be proven as facts. *Sheldon vs. Hopkins*, 7 Wend., 435. Sec. 161 of the N. Y. Code is like section 23, chap. 125 of our statutes ; and it has been held in that state that the provision does not apply to foreign judgments. Howard's Code, 374 ; 1 Code R., N. S., 143. Counsel cited also 9 Mass., 14 ; 11 Wheat., 172 ; 5 Gill & Johns., 65 ; 8 Cow., 311.

December 11. *By the Court*, COLE, J. There can be no doubt that under the old system of pleading, in declaring upon a judgment of a foreign court of limited and special jurisdiction, it was necessary to show that the court had authority, both as to subject matter and person, to render the judgment. It was formerly necessary to set out the proceedings at large, but in modern times it was ·sufficient to state the facts which

show jurisdiction, and then say *taliter processum, &c.* *Thomas vs. Robinson,* 3 Wend., 267; *Sheldon vs. Hopkins,* 7 id., 435. This well established rule is not controverted by the counsel for the appellant, but he contends that section 23, chapter 125, R. S., 1858, has changed the rule of pleading upon this subject. That section provides that "in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction." We cannot see why this provision of the statute does not settle this question conclusively in favor of the appellant.

But it is contended by the counsel for the respondent that this provision does not apply to foreign judgments of courts of limited and special jurisdiction, but that as to them it is still necessary to show by the pleading that the court had jurisdiction of the subject matter and of the parties. We deem this construction untenable. The statute makes no distinction between a domestic and a foreign judgment, but prescribes a general rule that in pleading a judgment of a court of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction. This is the plain, obvious reading of the statute, and we do not feel authorized to restrict its application to domestic judgments. It was undoubtedly intended to relieve a party from the labor of stating in his pleading all the facts showing jurisdiction of the court; and the clear intent of the statute would be defeated were we to give it any other construction than the one we have placed upon it. It is said that it is conceded in New York that the corresponding provision of the Code of that state does not apply to foreign but only to domestic judgments of courts of special jurisdiction. I have not been able to find a case where this question has been directly passed upon, but if I had, I could not blindly adopt what I conceive to be an unauthorized construction of a very plain provision of our statute.

We have been referred to two cases in Indiana, where the

June Term, 1861.

ARCHER
v.
ROMAINE.

court of that state has placed the same construction as we have adopted here, upon a similar statute. *Willey vs. Strickland,* 8 Ind., 453; *Draggoo vs. Graham,* 9 id., 214.

From the view we have taken, it follows that the circuit court erred in holding that the record of the Marine Court of the city of New York was inadmissible under the complaint.

The judgment of the circuit court is reversed, and a new trial ordered.