[No. 1438.]

## A. LAIRD, Appellant, *v,* MICHAEL MORRIS, Respondent.

Practice—Judgment of Non-Suit No Bar to Another Action.—Section 3173, Gen. Stats. (Civil Practice Act, sec. 151), does not change the inflexible rule that a judgment of non-suit is not a judgment on the merits, and such judgment of non-suit is no bar to another suit upon the same cause of action

Idem—Non-Suit—Statute Construed.—The only purpose of the statute (Civil Practice Act, sec. 151) was to determine in what cases non-suits or dismissals should be entered. The statute is in affirmance of the common law, and, though by consolidation of sections it is subject to criticism for uncertainty, the presumption is that no change was intended in the law.

Appeal from the District Court of the State of Nevada, Eureka county; *A. L. Fitzgerald,* District Judge:

Action by A. Laird against Michael Morris on an account stated and on an assigned account for services rendered. Judgment for defendant. Plaintiff appeals. Reversed.

The facts sufficiently appear in the opinion.

*Henry Rives,* for Appellant:

The only question raised on this appeal is as to whether the court erred in deciding that the dismissal of the first action amounted to a trial on the merits. All of the allegations of the complaint in that action were fully denied by the answer, and thus distinct issues were presented to the court for determination. Before the court could determine these issues, some kind of proof must have been presented. In this case, however, there is no pretense that any oral or documentary evidence whatever in support of, or against,

the issues involved were introduced. The dismissal of that
action was simply a non-suit granted by the court at the
request of the defendant, and, while it co-operated as a final
judgment and determination of that case, it was not under
the circumstances a "judgment upon the merits." It simply
operated as putting an end to that particular case, and in no
way operated as a bar to another suit on the same cause of
action. (1 Nev. 495; Storey's Eq. Pl., 9th ed., sec. 793; 42
Cal. 644; 21 Am. & Eng. Ency. of Law, 266; et seq. and note
1; 5 Id. 496; 16 Id. 747–48 and note 1; 18 Id. 730, note 2 and
cases cited; Freeman on Judg., sec. 261; 1 Greenleaf on Ev.,
sec. 528; 36 Ill. 278; 88 Ind. 155; 34 Barber, 421; 2 Smith's
Leading Cases, 887; 12 Ark. 369; 49 Iowa, 528; 113 Mass.
231; 108 Mass. 309; 7 Wall. U. S. 107; 117 Ill. 471; 101 U.
S. 688.)

*Thomas Wren* and *Peter Breen*, for Respondent:

I. To understand the legal bearings of the dismissal of
the first action it will be necessary to give a brief history of
these sections of our practice act providing for dismissals.
The sections of our act upon this subject were originally
adopted bodily, word for word, from the sections upon the
same subject in the California practice act as they stood in
1861–2 and later, Stats. of Cal., Practice Act, secs. 148–9,
Stats. of Nev., 1861, p. 338, secs. 148–9. A number of decis-
ions were rendered by the supreme court of California upon
these sections of the California practice act, and in this state,
in the case of *Sherman* v. *Dilby*, 3 Nev., a decision was ren-
dered by the supreme court of this state that, as the statute
then stood, is a stronger case in favor of appellant than the
one cited by counsel for appellant in 1 Nev. It will be
observed that there were two sections of the statute of this
state in regard to dismissals for a number of years. In 1869
our present practice act was amended and materially changed
in many respects, and amongst others the two sections here-
tofore existing were repealed and the provisions in regard to
the dismissal of actions were embodied in one section, and
the effect of a dismissal, where a plaintiff fails to appear at
the time set for the trial of an action, was radically changed.
(Gen. Stats. Nev., 3173.)

By this section as it now stands, the third subdivision of the same provides that an action may be dismissed by the court "when the plaintiff fails to appear on the trial and the defendant appears and asks for the dismissal. * * * The dismissal mentioned in the first two subdivisions shall be made by an entry on the clerk's register. Judgment may thereupon be entered accordingly. In every other case the judgment shall be rendered on the merits."

II.    What is obviously the purpose of the change in the statute? It could have no possible object except to compel diligence on the part of plaintiffs in the prosecution of suits. It is to prevent defendants from being harassed with a multude of suits upon the same cause of action.

By the Court, BELKNAP, J.:

Plaintiff sued defendant as surviving partner upon two counts:    First, upon an account stated; second, upon an assigned account for services rendered to the partnership. · Respondent, in his answer, among other things, plead in bar a former judgment between the same parties and for the same cause of action.

The cause was tried by the court. It was shown by the judgment that neither the plaintiff nor his counsel was present at the former trial and that thereupon the defendant asked for a dismissal of the action. A judgment of dismissal was accordingly given and costs taxed to the plaintiff. Upon this evidence the court found as a fact that the judgment was upon the merits, and as a conclusion of law it was found that it constituted a bar to the plaintiff's recovery in the present action.

The question upon the appeal is whether the ruling was correct.

The statute governing the subject is as follows:

" 3173.    Sec. 151.    An action may be dismissed, or a judgment of non-suit entered in the following cases:

" First—By the plaintiff himself at any time before trial, upon the payment of costs, if a counter claim has not been made.    If a provisional remedy has been allowed, the undertaking shall thereupon be delivered by the clerk to the defendant, who may have his action thereon.

" Second—By either party upon the written consent of the other.

" Third—By the court when the plaintiff fails to appear on the trial, and defendant appears and asks for the dismissal.

" Fourth—By the court when upon trial, and before the final submission of the case the plaintiff abandons it.

" Fifth—By the court upon motion of the defendant when upon the trial the plaintiff fails to prove a sufficient case for the jury.

" The dismissal mentioned in the first two subdivisions shall be made by an entry in the clerk's register. Judgment may thereupon be entered accordingly. In every other case the judgment shall be rendered on the merits."

In support of the ruling, it is said, that the practice act as originally adopted ·in 1861 (Stats. 1861, p. 338), was readopted in 1869 (Stats. 1869, p. 218), and upon its readoption was materially changed. The two sections upon the subject of dismissal and judgments of non-suit in the act of 1861 were consolidated and the effect of the change was, it is claimed, that all cases falling under the third, fourth and fifth subdivisions of the statute became judgments on the merits and not of dismissal or non-suit as theretofore; that the mention of the first two subdivisions in connection with the concluding sentence of the section: " In every other case the judgment shall be rendered on the merits," excludes, by implication, all of the remaining cases provided for.

"A non-suit is the result of an abrupt termination of an action at law. It is the name of a judgment given against the plaintiff when he is unable to prove his case or when he refuses or neglects to proceed with the trial of a cause after it has been put on issue, without determining such issue. Its origin can be easily traced to a very early period in the history of the common law." (16 Am. and Eng. Ency. of Law, 721.)

" The effect of a non-suit is to defeat the action, and give costs to the defendant, but the plaintiff may commence a new action for the same cause." (3 Bl. Com. 377.)

" It is a settled and inflexible rule that a judgment of non-suit is not a judgment on the merits, and therefore is no bar

to another suit upon the same cause of action." (Black on Judgments, sec. 699.)

The legislature is presumed to have used these terms in their accepted meaning.

The only purpose of the statute was to determine in what cases non-suits or dismissals should be entered; and in construing it, this purpose should be kept in view. Five separate and independent causes have been enumerated, and it is applicable to all cases to which these conditions apply. Otherwise, only cases provided for in the first and second subdivisions would be embraced within its provisions, and those in the third, fourth and fifth subdivisions would be excluded. Such construction would do violence to the language of the statute and defeat the manifest intent of the legislature. It would subordinate the principal purpose of the statute to one of lesser importance.

The consolidation of the two sections into one worked no change in the purpose of the law. The elder statute was free from ambiguity. The consolidation subjects it to the criticism which has been urged. The statute is an affirmance of the common law. The presumption is that no change was intended in that law. But if such were the intention, it would have been made free from uncertainty.

The statute should be read as including all of the five classes of cases for which it provides, and being so read its meaning is clear.

In *Baker* v. *Baker*, 13 Cal. 87, the court said: " The statute of this state, being in affirmance of the common law, is to be construed as was the rule of that law." This is a received construction in such cases. Thus, in *Miles* v. *Williams*, 1 Peere Wms. 252, the court said: ' The best rule of construing acts of parliament is by the common law, and by the course which that observed in like cases of its own before the act.' And, in *Arthur* v. *Bokenman*, 11 Mod. 150, the common pleas said: ' The general rule in exposition of all acts of parliament is this: That in all doubtful matters, and when the expression is in general terms, they are to receive such a construction as may be agreeable to the rules of the common law in cases of that nature; for statutes are not presumed to make any alterations in the common law, further or other-

wise than the act does expressly declare; therefore, in all general matters, the law presumes the act did not intend to make any alteration; for, if the parliament had had that design, they would have expressed it in the act.'"

Judgment is reversed and cause remanded.