# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

### JULY TERM, 1917

[No. 2278]

## CHARLES F. DANFORTH, Appellant, v. MINNIE J. DANFORTH, Respondent.

[166 Pac. 127]

1. Dismissal and Nonsuit—Abandonment of Cause.
    At common law the essential of a nonsuit was abandonment of the cause by the plaintiff.

2. Dismissal and Nonsuit—What Constitutes—Dismissal or on Merits.
    Judgment reading, "And now all and singular in the premises being seen, heard and fully understood, and the material facts alleged in the libel not sufficiently proved to the satisfaction of the court, said libel is denied," indicates, not an abandonment of the cause by plaintiff, the essential at common law of a nonsuit, but that the cause was submitted and determined on the merits.

3. Dismissal and Nonsuit—What Constitutes—Dismissal or on Merits.
    A judgment apparently on the merits dismissing the libel will not be considered one of nonsuit on motion of defendant, as authorized by Rev. Laws, 5237, subd. 5; it not appearing defendant made any such motion.

4. Judgment—Res Judicata—Nature of Law of Other State— Pleading and Proof.
    If a judgment of another state, pleaded as *res judicata*, could under a rule of that state be merely one of nonsuit, which it could not be under the laws of this state, such rule must be pleaded and proven.

5. DIVORCE—ACTION—NECESSITY OF ANSWER.
    An answer in divorce is not necessary for a judgment on the merits against plaintiff.

6. COURTS—PRESUMPTION AS TO JURISDICTION.
    The presumption in favor of regularity of proceedings in a court of general jurisdiction, necessary to authorize it to act, does not apply in a proceeding not according to the common law.

7. COURTS—PRESUMPTION AS TO JURISDICTION—DIVORCE PROCEEDINGS.
    An action for absolute divorce is a proceeding not according to common law, to which the presumption in favor of regularity of proceedings in a court of general jurisdiction, necessary to authorize it to act, does not apply.

8. JUDGMENT—FOREIGN DECREE—PLEADING AND PROOF.
    While under Rev. Laws, 5070, the answer pleading as *res judicata* a judgment of a court of another state, denying divorce, as to which no presumption of regularity of proceedings obtains, need not plead the jurisdictional facts, yet, the reply denying the rendering of the judgment, they must be proven, except those admitted by the reply.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran*, Judge.

Suit by Charles F. Danforth against Minnie J. Danforth. From a judgment sustaining a plea of *res adjudicata*, plaintiff appeals. **Reversed and remanded.**

*Lee J. Davis* and *Sweeney & Morehouse*, for Appellant:

Actions for divorce were unknown to the common law, and the entire jurisdiction of courts in the United States is purely and wholly statutory in matters of divorce. The judgment of the lower court should, therefore, be reversed, as the Maine judgment is not a bar to the present action.

The Maine judgment was simply one of nonsuit. The case was not decided upon the merits, and the judgment is no bar to another action. (*Pendergrass* v. *York Mfg. Co.*, 76 Me. 509.) Before a dismissal or judgment of denial of plaintiff's cause of action can be a bar, the facts must be adjudged in favor of the defendant. That is, the court must review the facts and find upon those facts that the defendant is entitled to judgment. Otherwise the ruling is one of law only and the merits are not decided or passed upon. "A nonsuit is the result of an

abrupt termination of an action at law.   It is the name of a judgment given against the plaintiff when he is unable to prove his case, or when he refuses or neglects to proceed with a trial of a cause after it has been at issue, without determining such issue.   (16 Am. & Eng. Ency. Law, 721.)   The effect of a nonsuit is to defeat the action and give costs to the defendant, but the plaintiff may commence a new action for the same cause.   It is a settled and inflexible rule that a judgment of nonsuit is not a judgment on the merits, and therefore is no bar to another suit upon the same cause of action.   (Black on Judgments, sec. 699.)

The dismissal of a cause for want of evidence is not a judgment upon the merits, and a nonsuit for any cause is not a bar to another action upon the same cause. (*City and County* v. *Brown,* 96 Pac. 281; *Lewis* v. *Superior Court,* 105 Pac. 753; *Smith* v. *Superior Court,* 84 Pac. 54; *Northern P. R. R. Co.* v. *Spencer,* 108 Pac. 181.)   It is not the recovery by the defendant that constitutes the bar or estoppel, but the decision upon the merits of the question which is in dispute between the parties.   (*Hoover* v. *King,* 99 Am. St. Rep. 754; *Dawley* v. *Brown,* 79 N. Y. 390; *King* v. *Townsend,* 141 N. Y. 358.)

The record of the Maine court shows there was no issue made by demurrer or answer, and there was therefore nothing for the court to try, and it could not make any judgment.   Its judgment, if it be one, is void.   "It is the contest actually made and passed upon which gives the successful party the right to use the judgment as a bar to the same cause in a new action on a different subject-matter." (Van Fleet on Coll. Attack, sec. 17.) "From lack of contest, no question of *res adjudicata* arose.   On the contrary, the doctrine of *res adjudicata* cannot arise except by virtue of some issue joined and actually contested on the trial.   A judgment without an issue is void."   (*Steck* v. *Palmer,* 41 Miss. 88; *Armstrong* v. *Barton,* 42 Miss. 506; *Porterfield* v. *Butler,* 47 Miss. 170.)

The judgments of a sister state have only such faith and credit as they have by the law of the state where

the judgment is rendered.   Therefore, our courts cannot take judicial notice of the judgment in Maine, as a valid or enforceable one, or that the same was duly made and entered, imparting full faith and credit, unless they have before them, by the pleading of the judgment or by the evidence, what the laws of Maine are.   The due authentication of the record goes only to its admissibility in evidence, but does not prove its effect.   The law of Maine was not pleaded or proved, and we are therefore left to construe the judgment under the laws of Nevada, the rule being that state courts will not take judicial notice of the laws of a sister state, it being necessary that they be proved like any other fact.   (*Estate of Harrington,* 73 Pac. 1000; *Estate of Richards,* 65 Pac. 1034; *In Re Campbell's Estate,* 108 Pac. 669; *Scott* v. *Ford,* 97 Pac. 99; *Palmer* v. *Atchison,* 35 Pac. 630; *Cavellero* v. *Texas,* 42 Pac. 918; *Daggett* v. *S. P. Co.,* 103 Pac. 204; *De Vall* v. *De Vall,* 109 Pac. 755; *Thomas* v. *Robinson,* 3 Wend. 267; *Sheldon* v. *Hopkins,* 7 Wend. 435; *Pelton* v. *Platner,* 13 Ohio, 209; *Crafts* v. *Clark,* 31 Iowa, 77; *Wright* v.*Andrews,* 130 Mass. 149; *Coates* v. *Mackey,* 56 Md. 416.)

*Roy W. Stoddard,* for Respondent:

There is only one question before this court in the case at bar, which is:   Does the exemplified copy of the record of the Maine court constitute a bar against the subsequent action brought by plaintiff?   In order to render a matter *res adjudicata* there must be a concurrence of four conditions, namely (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the parties to the action; (4) identity of the quality in the person for or against whom the claim is made.   (Black on Judgments, vol. 2, sec. 610; *Lyon* v. *Perin Mfg. Co.,* 125 U. S. 698,. 31 L. Ed. 839.)   That these exist in the case at bar is apparent upon the face of the exemplified copy of the record of the Maine court.   This being the case, the estoppel is not confined to the judgment, but extends to all steps involved as necessary steps for the groundwork upon which it may have been founded.   "Where

a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion." (Black on Judgments, vol. 2, secs. 613, 614.)

When a decree of divorce is denied on the merits, the matter is *res adjudicata* between the parties in a subsequent proceeding for divorce upon the same grounds. (9 R. C. L. 463, 464; *Prall* v. *Prall*, 26 L. R. A. n.s. 577; *Ford* v. *Ford*, 108 Pac. 366; *People* v. *Case*, 241 Ill. 279; *Patrick* v. *Patrick*, 139 Wis. 463; *Stay* v. *Stay*, 102 Pac. 420; *Trowbridge* v. *Spinning*, 54 L. R. A. 204.)

A judgment rendered by a court of competent jurisdiction of the parties and the subject-matter in one state is conclusive on the merits in the courts of every other state. A party seeking to escape the effect of the judgment must assume the burden of proving and showing that jurisdiction did not in fact exist. (15 R. C. L. 887; 23 Cyc. 1573.)

The term "nonsuit" is applicable only to actions at law, as has been decided by this court in the case of *Laird* v. *Morris*, 23 Nev. 34, in which it is said: "A nonsuit is a result of an abrupt termination of an action at law."

It is true that the record of the Maine court, to be admitted in evidence, must be authenticated as provided by the full faith and credit clause of the United States, but when so authenticated and introduced in evidence it becomes conclusive evidence, and therefore conclusive in its effect and a complete bar to plaintiff's action in this state.

Where it is apparent on the face of the record of the former action that the question in controversy was litigated therein, as in the case at bar, the mere production of the record is sufficient. (Black on Judgments, vol. 2, secs. 505, 625; 23 Cyc. 1552, 1553; 15 R. C. L. 949, 962.)

By the Court, COLEMAN, J.:

Appellant brought suit for divorce. An answer was filed, pleading a judgment of a court of the State of Maine as *res adjudicata,* to which a reply was filed,

admitting that the Maine court had jurisdiction of divorce actions, but denying that a judgment on the merits had been rendered. Upon the trial, and after the evidence in support of the allegations of the complaint had been submitted, a certified copy of the judgment of the court of the State of Maine was offered and received in evidence, over the objection of appellant, in support of the plea of *res adjudicata* presented in the answer mentioned. After all of the evidence had been received, a judgment was rendered by the court, sustaining the plea of *res adjudicata*. It is from that judgment that an appeal is taken.

1. It is contended that the Maine judgment was nothing more than a judgment of nonsuit, and that the trial court erred in admitting it in evidence. In support of this contention, counsel quotes from the case of *Pendergrass* v. *York Mfg. Co.,* 76 Me. 509, and from numerous other authorities, among them the case of *Laird* v. *Morris,* 23 Nev. 34, 42 Pac. 11. On another phase of the case, counsel for appellant contend that, in the absence of pleading and proof as to what the law is in a sister state, we must presume that the law is the same as the law of this state. The authorities are practically unanimous in holding this to be the rule relative to the common law, but there is a wide difference of opinion on this question as to the statute law. (16 Cyc. 1084, 1085; 10 R. C. L. 895.) This court has never been called upon to lay down a rule as to what the presumption is as to the law of a sister state, and we do not deem it necessary to do so in this instance, for we are of the opinion that, no matter whether the common law or our statute controls, we are compelled to hold that the judgment of the Maine court was not one of nonsuit. At common law nonsuit was permissible only when the plaintiff did not appear to prosecute the action. Blackstone, who we believe is the most reliable authority as to the common law, says:

"When they are all unanimously agreed, the jury

return back to the bar; and, before they deliver their verdict, the plaintiff is bound to appear in court, by himself, attorney, or counsel, in order to answer the amercement to which by the old law he is liable, as has been formerly mentioned, in case he fails in his suit, as a punishment for his false claim. To be amerced, or a mercie, is to be at the king's mercy with regard to the fine to be imposed. The amercement is disused, but the form still continues; and if the plaintiff does not appear, no verdict can be given, but the plaintiff is said to be nonsuit. Therefore it is usual for the plaintiff, when he or his counsel perceives that he has not given evidence sufficient to maintain his issue, to be voluntarily nonsuited, or withdraw himself; and if neither he, nor any body for him appears, he is nonsuited, the jurors are discharged, the action is at an end, and the defendant shall recover his costs. The reason for this practice is that a nonsuit is more eligible for the plaintiff than a verdict against him; for after a nonsuit, which is only a default, he may commence the same suit again for the same cause of action; but after a verdict had, and judgment consequent thereupon, he is forever barred from attacking the defendant upon the same ground of complaint. But in case the plaintiff appears, the jury by their foreman deliver in their verdict." (Blackstone's Commentaries, Ed. 1768, p. 376.)

From this language we gather that at the common law, when a plaintiff discovered some error or defect in the proceedings, or was unable to prove an essential fact, for want of necessary witnesses or documentary evidence, and thereupon being called, and failing to appear, his default was recorded, upon which the defendant recovered his costs. But this arising from some supposed neglect or oversight, the plaintiff was not barred from commencing a new action. In the light of this interpretation, it will be seen that at common law the one essential of a nonsuit was the abandonment of the case by the plaintiff. Strictly speaking, it seems that at common law there was no such thing as a "judgment" of

nonsuit. In *Poyser* v. *Minors,* 7 Q. B., Div. 329, Hush, L. J., says:

"A nonsuit at common law was nothing more than a declaration by the court that the plaintiff had made default in appearing at the trial to prosecute his suit."

In the same case, Bramwell, L. J., says:

"There really in strictness never was a 'judgment' of nonsuit. No plaintiff could be nonsuited against his will. He failed to appear at the appointed time, generally at *nisi prius*— (I believe there were other stages of a cause in which there might be nonsuits)—and his nonappearance was recorded, returned to the court in banc, and then judgment was given against him that the defendant go without a day, etc."

2. From a reading of the judgment of the Maine court, it is apparent that there the plaintiff did not abandon his action. The judgment reads, in part, as follows:

"And now all and singular in the premises being seen, heard and fully understood, and the material facts alleged in the libel suit not sufficiently proved to the satisfaction of the court, said libel is denied."

3. This language clearly indicates to our minds, in interpreting it according to the common-law rules, that the case was submitted and determined on the merits. When we interpret this judgment under our statute, we reach the same conclusion. Section 5237, Revised Laws of 1912, lays down the conditions under which a judgment of nonsuit may be entered in this state:

"An action may be dismissed, or a judgment of nonsuit entered in the following cases:

"1. By the plaintiff himself at any time before trial, upon the payment of costs, if a counterclaim has not been made. If a provisional remedy has been allowed, the undertaking shall thereupon be delivered by the clerk to the defendant, who may have his action thereon.

"2. By either party upon the written consent of the other.

"3. By the court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal.

"4. By the court when upon the trial and before the final submission of the case the plaintiff abandons it.

"5. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the court or jury. The dismissal mentioned in the first two subdivisions shall be made by an entry in the clerk's register. Judgment may thereupon be entered accordingly. In every other case the judgment shall be rendered on the merits."

It is not contended that any of these conditions existed at the time of the entry of the Maine judgment, though counsel for appellant quote the fifth subdivision, and cite the case of *Laird* v. *Morris, supra,* in support of their general contention. From a reading of this subdivision, it will be seen that "upon motion of the defendant" the court may enter a judgment of nonsuit. It does not appear that the defendant made any such motion. On the other hand we may infer that defendant sought a judgment upon the merits. This court has pretty clearly laid down the condition upon which a judgment of nonsuit can be entered in this state, in the case of *Burns* v. *Rodefer,* 15 Nev. 63, where it said:

"The plaintiffs might have asked for a nonsuit, after their evidence was struck out (Civ. Prac. Act, sec. 151; *Hancock Ditch Co.* v. *Bradford,* 13 Cal. 637; *Ord* v. *Chester,* 18 Cal. 77) ; and the court might have granted one, also, *upon motion* of the defendants. But it does not appear from the judgment roll that either party asked for a nonsuit, or that either objected to a submission of the case to the jury. A nonsuit cannot be granted except upon the grounds stated in the statute and as therein provided. It could not have been granted under the *fifth* subdivision of section 151, except upon motion of the defendants. It could not have been ordered under the *fourth,* because plaintiffs did not

abandon their case, or under the *third,* because they appeared, or under the *second,* because defendants did not give their written consent."

4. Hence, as we have said, we find that whether we presume that the common law or a statute similar to our own existed in Maine, we must hold that the judgment was one upon the merits. If a different rule exists in Maine, it can be shown only by appropriate pleadings and proof.

5. It is also contended that the libellee filed no answer in the Maine action to the petition of the libellant, and that consequently there was no issue for that court to try. While it is true that it does not affirmatively appear that an answer was filed to the petition, it is also true that it does not affirmatively appear that an answer was not filed, while the judgment recites that libellee appeared by her attorney, W. H. Gulliver. But whether or not an issue was raised by an appropriate pleading is a matter of no consequence in an action for divorce. As said in *Ribet* v. *Ribet,* 29 Ala. 348, actions of this nature are of a triangular sort, and such a cause is never concluded as against the court, and it may and usually does satisfy its conscience regardless of the pleadings. (Bishop, Mar. & Div., sec. 314; 7 Ency. Pl. & Pr. 88.)

6. But it is contended that the trial court erred in admitting in evidence the transcript of the Maine judgment, for the reason that the answer in the case at bar does not allege the existence of certain facts essential to give the court jurisdiction to hear and determine the cause. On the other hand, respondent asserts that, since the court by which the Maine judgment was rendered was one of general jurisdiction, it will be presumed that every fact essential to give the court jurisdiction was shown. While it is a general rule that everything will be presumed in favor of a judgment rendered by a court of general jurisdiction, there are exceptions to the rule. The presumption which generally

prevails in favor of the regularity of the proceedings in a court of general jurisdiction, necessary to authorize it to act, does not apply in proceedings not according to the course of common law. This rule is so well established, and so generally recognized, that it seems useless to cite authorities to sustain it. However, a few of the authorities so holding are: *Galpin* v. *Page,* 18 Wall. 364, 371, 21 L. Ed. 959; *Sabariego* v. *Maverick,* 124 U. S. 261, 292, 8 Sup. Ct. 461, 31 L. Ed. 430; *Striker* v. *Kelly,* 7 Hill (N. Y.) 9; *Kelley* v. *Kelley,* 161 Mass. 111, 36 N. E. 837, 25 L. R. A. 806, 42 Am. St. Rep. 389; *Northcut* v. *Lemery,* 8 Or. 316; *Furguson* v. *Jones,* 17 Or. 204, 20 Pac. 842, 3 L. R. A. 620, 11 Am. St. Rep. 808; *Knapp* v. *Wallace,* 50 Or. 348, 92 Pac. 1054, 126 Am. St. Rep. 747; *Pulaski Co.* v. *Stuart,* 28 Grat. (Va.) 872; *Richardson* v. *Seevers,* 84 Va. 259, 4 S. E. 712; 15 R. C. L., sec. 360, p. 883; 23 Cyc. 1578, text to note 52.

7. It is also contended by counsel for appellant that an action for divorce is not a proceeding according to the course of the common law, and that hence the Maine judgment should not have been admitted in evidence, since all the facts necessary to give the Maine court jurisdiction were not pleaded nor proven upon the trial of the case at bar in the lower court. As to the correctness of the contention that an action for an absolute divorce is a proceeding not according to the course of the common law, we think there can be no serious doubt. In 14 Cyc. at page 581, we find the rule laid down as follows:

"At the time of the establishment of the United States as an independent nation and the adoption of the common law of England by the several states, matrimonial causes in England were within the exclusive jurisdiction of the ecclesiastical courts. These courts derived their commissions from the church, and in the determination of matrimonial causes the canonical law was applied almost entirely. Ecclesiastical courts were not established in any of the United States as a part of its judicial system, and consequently up to the time of the

creation of courts with a jurisdiction in divorce actions, ecclesiastical law relating to divorce remained unadministered for want of a tribunal."

See, also, 9 R. C. L. pp. 261, 262; *Maynard* v. *Hill,* 125 U. S. 190, 8 Sup. Ct. 723, 31 L. Ed. 654; *Northcut* v. *Lemery, supra; Kelley* v. *Kelley, supra; Steele* v. *Steele,* 35 Conn. 48; *McGee* v. *McGee,* 10 Ga. 477; *Olin* v. *Hungerford,* 10 Ohio, 268; *Cast* v. *Cast,* 1 Utah, 112.

8. But under section 5070, Revised Laws of Nevada, 1912, we do not think it necessary, in an action upon a judgment of a court of special or limited jurisdiction of a sister state, to plead the jurisdictional facts, though they have to be proven in case the reply denies the allegation of the rendition of the judgment, unless the reply specifically admit certain jurisdictional facts. (*Etz* v. *Wheeler,* 23 Mo. App. 449; *Bruckman* v. *Taussig,* 7 Colo. 561, 5 Pac. 152; Abb. Trial Brief, 2d ed. sec. 339; *Graggoo* v. *Graham,* 9 Ind. 212; *Archer* v. *Romaine,* 14 Wis. 375.) See, also, *Phelps* v. *Duffy,* 11 Nev. 80, 85.

Since the reply which was filed by appellant to respondent's answer denied the rendering of the judgment pleaded, it was incumbent upon the defendant to prove all of the jurisdictional facts except the allegation in the answer that the Supreme Judicial Court of Androscoggin County, Me., in which the judgment pleaded was rendered, had jurisdiction in actions for divorce, as that allegation in the answer is admitted in the reply.

For the error committed in admitting in evidence a certified copy of the judgment of the Maine court, when evidence of certain jurisdictional facts had not been introduced, the judgment is reversed, and the case is remanded for a new trial.