SANTIAGO ASTORGA, APPELLANT, v. I. K. ISHI-MATSU, DBA I. K. I. FARMS, RESPONDENT.

No. 4312

February 6, 1961                    359 P.2d 83

*Morse and Graves* and *Lee R. Rose,* of Las Vegas, for Appellant.

*Hawkins and Cannon,* of Las Vegas, for Respondent.

## OPINION

By the Court, PIKE, J.:

On January 15, 1952 appellant herein commenced an action against respondent in Clark County, Nevada, seeking a money judgment against respondent. On December 22, 1959 respondent moved to dismiss said action, pursuant to the provisions of NRCP 41 (e), relating to the dismissal of actions for non-prosecution, which provides in part, "Any action * * * shall be dismissed by the court * * * on motion of the defendant * * * or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended."

After hearing upon defendant's motion to dismiss, the court entered its order granting the same, and this appeal is from that order granting respondent's motion to dismiss.

Appellant concedes that the action was not brought to trial within five years after the same had been filed, and that the parties to the action had not stipulated in writing that such time be extended, and urges upon appeal that respondent's special appearance, coupled with the motion to dismiss, constituted a general appearance by respondent and a waiver of respondent's right to a dismissal.

We do not agree with appellant's contention. Appellant, while recognizing that respondent's motion was

designated a special appearance, and that it contained language to the effect that the appearance was entered for the sole purpose of making the motion to dismiss on the indicated ground, cites authorities to the effect that the character of the relief sought by respondent had the legal effect of causing respondent's appearance to be a general rather than a special appearance. The authorities cited by respondent, however, involve situations substantially at variance from those of the instant situation. Here the only relief sought by respondent was that made mandatory upon the court, upon the motion for such relief being made by respondent and the showing in connection therewith that the action had not been brought to trial within five years after the filing of the same, and that the parties had not stipulated in writing for an extension of the time.

In moving for dismissal, respondent followed the procedure prescribed by the rule itself, and it is immaterial whether respondent's appearance was general or special. The record affirmatively shows that the dismissal was granted after due notice to plaintiff.

The identical provisions of this rule were originally enacted into statute as 1943 Stats. Nev., Ch. 165, p. 231, and became effective July 1, 1943. Such statutory provisions thereafter appeared as sec. 9932, NCL 1943 supp. Without change, the provisions of such statute became Rule 41 (e) NRCP, when those rules became effective on January 1, 1953. In Harris v. Harris (1948), 65 Nev. 342, 346, 196 P.2d 402, 404, this court stated that the then statute (sec. 9932, NCL 1943 supp.) was "an exact copy of § 583 of the California Code of Civil Procedure, as amended by Stats. 1933, p. 853," and held that, since the statute was taken from California, it was presumed that it was adopted by the Nevada legislature with the construction given it by the California courts before its adoption. Conceding the propriety of such rule, we are satisfied that Bayle-Lacoste & Co. v. Superior Court (1941), 46 Cal.App.2d 636, 116 P.2d 458, and other

cases relied upon by appellant are based on factual situations clearly distinguishing the same from this case.

Judgment affirmed, with costs to respondent.

BADT, C. J., and McNAMEE, J., concur.