AMERICAN COMMERCIAL BARGE LINE
COMPANY et al., Appellants,

v.

James V. MARCUM, Commissioner of
Revenue, etc., Appellee.

Court of Appeals of Kentucky.

June 22, 1962.

Rehearing Denied Oct. 5, 1962.

James W. Stites, Louisville, for appellant.

William S. Riley, Bradford T. Garrison, Francis D. Burke, Hunter B. Whitesell, Frankfort, for appellees.

CLAY, Commissioner.

This suit challenges the right of the Commonwealth to impose an income tax upon three foreign corporations under KRS 141.040, based upon taxable net income allocable to business or activities carried on in Kentucky as a part of their interstate operations. The nature of these operations and certain controlling principles of law are set forth in Union Barge Line Corporation et al. v. Marcum, Ky., 360 S.W.2d 130, involving these same companies, this day decided. The trial judge determined that appellants "were subject to Kentucky income tax", to be apportioned "by the ratio of Kentucky ton-miles to total ton-miles accumulated from interstate traffic."

Some of the basic considerations involved in this controversy were discussed

in Union Barge Line Corporation et al. v. Marcum, supra, and will not be repeated here. The contention that the tax impairs appellants' rights to the free navigation of the Ohio River was answered in that case. In addition, we may point out that an income tax is a tax on the *profits* arising from appellants' business activities and consequently is not a tax upon the *use* of waters lying within the territory of Kentucky. Shannon v. Streckfus Steamer, 279 Ky. 649, 131 S.W.2d 833; Higman Towing Co. v. Cocreham, D.C., 70 F.Supp. 628; Peck & Co. v. Lowe, 247 U.S. 165, 38 S. Ct. 432, 62 L.Ed. 1049. Nor does such a tax constitute a forbidden burden on interstate commerce. Memphis Natural Gas Co. v. Beeler, 315 U.S. 649, 62 S.Ct. 857, 86 L.Ed. 1090; Northwestern States Portland Cement Company v. State of Minnesota, 358 U.S. 450, 79 S.Ct. 357, 3 L.Ed.2d 421. Nor is it a "duty of tonnage" forbidden by section 10, article 1 of the Federal Constitution. Peck & Co. v. Lowe, 247 U.S. 165, 38 S.Ct. 432, 62 L.Ed. 1049; Commonwealth v. Baltimore Steam Packet Company, 193 Va. 55, 68 S.E.2d 137.

Apparently appellants do not contest the right of a state to tax the net income from interstate operations of a foreign corporation if properly apportioned to local activities. This right has been recognized and confirmed in West Publishing Company v. McColgan, 328 U.S. 823, 66 S.Ct. 1378, 90 L.Ed. 1603; Northwestern States Portland Cement Company v. State of Minnesota, 358 U.S. 450, 79 S.Ct. 357, 3 L.Ed.2d 421; Higman Towing Company v. Cocreham, D.C., 70 F.Supp. 628, affirmed 5 Cir., 165 F.2d 789; Moore Motor Freight Lines, Inc. v. Wisconsin Department of Taxation, 14 Wis. 377, 111 N.W.2d 148.

 Appellants' contention that they are not "doing business in this state" cannot be sustained. Under the statement of facts in Allphin v. Ohio River Co., Ky., 306 S.W.2d 94, we had expressed that opinion, but the facts shown by this record support the trial judge's finding to the contrary. It may be pointed out that the imposition of an income tax is not dependent upon this finding since appellants are subject to such tax if they are "deriving income from activities or other sources in this state". (KRS 141.040) As determined in Union Barge Line Corporation et al. v. Marcum, Ky., 360 S.W.2d 130, this day decided, the commercial activities of appellants in this state are sufficiently substantial to constitute a basis for taxation.

The judgment is affirmed.