AL DUBIN, Appellant, *v.* JOHN A. HARRELL, Respondent.

No. 4626

November 19, 1963                              386 P.2d 729

[Rehearing denied January 10, 1964]

*George Rudiak,* of Las Vegas, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The appeal presents this question: May a plaintiff, whose claim for relief has been dismissed for want of prosecution and who has failed to appeal from the dis-

missal order, commence another action against the same defendant on the same claim for relief? Our answer is no; he may not.

Here the first case was filed September 30, 1958. It was dismissed February 21, 1962, on defendant's motion, the court exercising the discretionary power granted it under the two-year provision of NRCP 41(e).[1] The order of dismissal did not state whether the dismissal was with prejudice or without prejudice. Plaintiff did not appeal from the order of dismissal, though that remedy was available to test the propriety of the district court's exercise of discretion. Instead, on July 17, 1962 plaintiff filed another case against the same defendant, asserting the same claim for relief. The statute of limitations had not run. The defendant moved for summary judgment. His motion was granted and judgment entered in his favor.

On appeal the plaintiff-appellant's basic theme is that a judgment of dismissal for want of prosecution is not a judgment on the merits and, therefore, not res judicata. Consequently a second suit may be brought against

---

[1] NRCP 41(e) provides: *"Want of Prosecution.* The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order granting a new trial, except when the parties have stipulated in writing that the time may be extended. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court."

the same defendant predicated on the same claim for relief. Without question, case authority supports him. Annot., 54 A.L.R.2d 473. This was the common-law rule. If 41(e) were not present a second suit would be permissible. The problem as to whether 41(e) retained the common-law rule or changed it, was deemed by counsel to be the central one on this appeal. That particular subdivision of Rule 41, that is, subdivision (e), dealing specifically with a dismissal for want of prosecution, does not state whether such a dismissal is on the merits or otherwise, with prejudice or without. The plaintiff therefore turned to language in 41(b), "a dismissal under this subdivision and any dismissal not provided for in this rule, [meaning Rule 41] * * * operates as an adjudication upon the merits." and contended that as a dismissal for want of prosecution *is* provided for by Rule 41, inferentially, such a dismissal does not operate as an adjudication on the merits. On the other hand, the defendant contended that the language of 41(b) is of no assistance in deciding a problem under 41(e). It is his position that the quoted language of 41(b) clearly applies only to a dismissal under that subdivision and to any dismissal *not* provided for by Rule 41. As a dismissal for want of prosecution is neither, (i.e., it is not a dismissal under 41(b) and it is provided for by subdivision (e) of Rule 41), an answer is not to be found within the language of the rule. We agree with the defendant. It is clear to us that 41(e) is silent as to whether a dismissal therein provided for is to be deemed on the merits or otherwise. The point is not touched by the language of the entire rule or any subdivision thereof. Nor does a comparison with the federal rule or a reference to the advisory committee note shed light. We must look elsewhere for the answer.

The plaintiff-appellant suggests that we look to the law of California, where it is held that a statutory dismissal for a delay in prosecution "is nothing more than a rule of procedure designed to encourage promptness in prosecution of actions" and does not affect the substantive right to bring another suit. Gonsalves v. Bank of America Nat. Trust & Sav. Ass'n, 16 Cal.2d 169, 105

P.2d 118. Our attention is directed to dictum in Harris v. Harris, 65 Nev. 342, 196 P.2d 402, where it is said that, as our statute (then § 9932 N.C.L., 1943 Supp., now Rule 41(e)) was an exact copy of a California code provision, a presumption arises that it was adopted by the Nevada legislature with the construction given it by the California court as of that date. The dictum of Harris v. Harris, supra, is unfortunate. There the claim was dismissed before the minimum two-year period prescribed by § 9932 N.C.L., 1943 Supp., had passed. The sole question was whether the court possessed an inherent power to dismiss for delay in prosecution without benefit of statute. It was held that the power existed and that its exercise in that case was not an abuse. There was no need for the court to refer to any principle of statutory construction. By doing so, a cloud was cast over the meaning to be accorded our statute (now Rule 41(e)). Twice since Harris v. Harris, supra, the same argument presently advanced (look to California law) was made. Each time it was rejected. In Astorga v. Ishimatsu, 77 Nev. 30, 359 P.2d 83, a five-year mandatory dismissal case, the court referred to California case law but found it distinguishable. In Thran v. District Court, 79 Nev. 176, 380 P.2d 297, also under the five-year provision, it was stated that "NRCP 41(e) is clear and unambiguous and requires no construction other than its own language." Accordingly, the unwarranted dictum of Harris v. Harris, supra, has been discarded as inappropriate to the disposition of 41(e) dismissal cases.

Next the plaintiff-appellant, by analogy to the cases of Laird v. Morris, 23 Nev. 34, 42 P. 11 and Clow v. West, 37 Nev. 267, 142 P. 226, argues that a second suit is permissible. We do not find the analogy helpful. In Laird v. Morris, supra, neither the plaintiff nor his counsel appeared for the first trial. At defendant's request the case was dismissed. It was held that the dismissal was not on the merits and did not bar a second suit. The policy underlying a dismissal for want of prosecution was not involved in Laird v. Morris, supra. The cause had been brought on for trial with reasonable

diligence, as contemplated by the rule now in effect. The plaintiff and his counsel simply did not appear at the appointed time. In Clow v. West, supra, a nonsuit was granted the defendant after the plaintiff had presented her case in chief and rested. It was held that the judgment of nonsuit was not res judicata, barring a subsequent action. Our present Rule 41(b) changes the holding of Clow v. West, supra. It provides that an involuntary dismissal at the close of the plaintiff's case shall operate as an adjudication upon the merits, unless the court otherwise specifies.

It seems to us that the correct answer to the problem posed flows from the very fact that the legislature in 1943 enacted § 9932 N.C.L., 1943 Supp., now Rule 41(e). A court has always possessed an inherent power to dismiss for want of prosecution. Harris v. Harris, 65 Nev. 342, 196 P.2d 402. Neither statute nor rule was needed to confer that power upon a court. Why, then, should the legislature intervene and declare its policy regarding the diligence to be required of a claimant who wishes to invoke court aid to resolve his claim? If he fails to bring his action on for trial within five years, his cause *shall* be dismissed. Thran v. District Court, 79 Nev. 176, 380 P.2d 297; Astorga v. Ishimatsu, 77 Nev. 30, 359 P.2d 83. Should less than five, but more than two, years pass, the court in its discretion may dismiss the case. Are we to presume that the legislature intended its enactment to be ineffective? If a claimant may commence suit, fail to prosecute, suffer a dismissal, and file again, Rule 41(e) accomplishes little. Nor should a district court ruling be so easily ignored. The legislative declaration of policy (now embraced in Rule 41(e)) must be accorded significance. This may only be done by limiting the claimant to his remedy of appeal. Though we agree with the plantiff-appellant that a judgment of dismissal for want of prosecution does not supply the defense of res judicata to a second suit against the same defendant on the same claim (because there was not a hearing on the merits), we conclude that the legislature necessarily intended that a second action be barred

for reasons of policy. A parallel may be found by reference to statutes of limitation. There the underlying policy is to preclude the litigation of stale claims. Here the policy to be served is that, once suit is commenced, it must be carried forward with reasonable diligence unless circumstances exist which excuse delay (if less than five years has passed). The statute of limitations is a defensive weapon granted a party defendant and may be asserted to defeat a claim for relief which has not been filed within the prescribed period. NRCP 8(c). Rule 41(e) invests the court with the power (though inherently possessed) to refuse to hear a case that has been filed but not prosecuted with the diligence required. In either case, i.e., whether the claim is barred by limitations or dismissed for want of prosecution, the judgment entered does not constitute an adjudication on the merits of the claim, in the literal sense, for there has been no hearing on the merits. In neither instance is the substantive cause of action destroyed—just the availability of a remedy to enforce it. A claimant's right to a "day in court" is subject to reasonable procedural requirements (cf. Thran v. District Court, 79 Nev. 176, 380 P.2d 297) and may be lost by the failure to comply with them. Though we recognize that a claim may be dismissed under 41(e) before the statute of limitations has run against it (the situation here involved), we believe that 41(e) must be given its intended effect, to the same extent as we accord respect to the rule of limitations when presented with a problem coming within its sphere. For the reasons expressed, we affirm the summary judgment entered below.

BADT, C. J., and MCNAMEE, J., concur.