EMMETT WILLIAMS AND CLARICE M. WILLIAMS,
APPELLANTS, *v.* MINNIE JENSEN, RESPONDENT.

No. 4917

December 15, 1965                    408 P.2d 920

*John Chrislaw,* of Minden, for Appellants.

*Belford & Anglim,* and *Samuel W. Belford,* of Reno,
for Respondent.

# OPINION

By the Court, ZENOFF, D. J.:

This is an appeal from the granting of summary judgment against appellants on the ground that this suit was barred under NRCP Rule 41 (e), as involving the same claim for relief as an earlier suit dismissed under the mandatory provision of Rule 41 (e) for want of prosecution.

On June 4, 1957, appellants brought suit against respondents praying relief from an obstruction placed across a right of way allegedly owned by the appellants. The same day, the trial court issued a temporary restraining order requiring respondent to remove the obstruction. By stipulation of the parties, this restraining order was allowed to remain in effect until final disposition of the case.

On August 22, 1962, the trial court, pursuant to a motion by respondent, dismissed the action and dissolved the restraining order on the ground that appellants had failed to prosecute the suit within a five-year period. No appeal was taken from that dismissal.

Nine days later respondent erected the obstruction in the exact same location and appellants again filed suit. On November 30, the trial court granted summary judgment is favor of respondent. An appeal was taken, but the parties stipulated before argument that this Court could reverse the order of the trial court, so the order was reversed.

On remand, respondent again moved for summary judgment.[1] The court again granted summary judgment on the basis that the action was barred because the previous suit instituted in 1957 and dismissed in

---

[1]Between the time of this Court's reversal pursuant to stipulation and the time of retrial, this Court decided Dubin v. Harrell, 79 Nev. 467, 386 P.2d 729 (1963) clarifying the effect of a dismissal for want of prosecution under NRCP Rule 41 (e).

1962 for want of prosecution was the same and thus barred under NRCP Rule 41(e). From the summary judgment, this appeal is taken.

1. It is clear under Nevada law that a dismissal under NRCP Rule 41(e) can preclude a subsequent action based on the same claim for relief. Dubin v. Harrell, 79 Nev. 467, 386 P.2d 729 (1963).[2] The trial court, when dismissing the first action, dismissed "with prejudice"; therefore, the sole issue is whether the 1962 action was, in fact, the same as the 1957 action.

2. Appellants conceded on oral argument that the same obstruction was involved in both suits, that the right of way in issue was the same in both actions, and that the basic controversy in the first action was whether respondent had a right to obstruct access to the parcel of land.

Appellants contend, however, that the obstruction which is the subject of the later action was separate and distinct from the obstruction in the prior case because it was erected at a different time. Therefore, it is argued, under the test of identity of causes applied in Silverman v. Silverman, 52 Nev. 152, 283 P. 593 (1930)—that the same cause of action exists when there is identity of the facts essential to the maintenance of the two actions—two separate actions exist in the instant case.

The logic of the Silverman test is undisputed; however, the converse of this rule—namely, that when the facts are not identical, the causes of action are not the same—does not necessarily follow.

But since a dismissal under 41(e) "with prejudice" has the effect of an adjudication on the merits, and since appellants have stipulated that the issue in the former

---

[2]The rule of Dubin v. Harrell was subsequently made a part of Rule 41(e) by the addition of the following phrase: "A dismissal under this subdivision (e) is a bar to another action upon the same claim for relief against the same defendants unless the court otherwise provides."

case was the respondent's right to obstruct, a challenge to that right is precluded in the subsequent action.

Therefore, the trial court did not err in granting summary judgment because the pleadings, in view of the stipulations and concessions made by appellants, indicate that the same claim for relief was involved in both actions.

Affirmed.

THOMPSON and BADT, JJ., concur.