[S. F. No. 773.  In Bank.—January 21, 1897.]

ADAM BROWN, RESPONDENT, *v.* CHARLOTTE D. ROUSE ET AL., APPELLANTS.

APPEAL—STAY OF EXECUTION—EXCEPTION TO SURETIES ON STAY BOND— TIME FOR JUSTIFICATION — SECOND NOTICE — NEW BOND.—Where the sureties on a bond given to stay execution pending an appeal have been excepted to by the respondent, the appellant has the full period of twenty days after such exception in which the sureties on the original bond or on a new bond, may justify, and if the sureties fail to appear for jus-tification in pursuance of one notice, and there is sufficient time left of the twenty days allowed for justification to produce the same or other sureties upon five days' notice, the appellant may give a new notice of justification, and, at the time noticed, may tender a new bond, the sure-ties upon which may then justify.

ID.—ORDER GRANTING EXECUTION—SUPERSEDEAS.—Where the court below has made an improper order granting an execution while there is a proper bond on file to stay execution, the appellate court will grant a writ of *supersedeas* to stay the execution of the judgment.

APPLICATION in the Supreme Court for *supersedeas* to stay execution upon a judgment of the Superior Court of Santa Clara County.  W. G. LORRIGAN, Judge.

The facts are stated in the opinion of the court.

*John H. Durst,* for Petitioner.

*W. C. Kennedy,* for Respondent.

BEATTY, C. J.—This is a motion for *supersedeas,* based upon the following facts: The defendants appealed from a money judgment, and in due time filed a stay bond in sufficient amount and proper form.  On November 24, 1896, plaintiff excepted to the sufficiency of the sureties, and defendants gave notice that they would justify be-fore the county clerk on December 4th, at 11 o'clock, A. M.  At that day and hour the plaintiff attended be-fore the clerk, but neither the defendant nor her sure-ties appeared.  On the same day, December 4, 1896, the defendant's attorney, who resided and had his office in San Francisco, mailed to plaintiff's attorney at San Jose, where he resided and had his office, another notice, to

the effect that the sureties would justify before the
county clerk of Santa Clara county—the county in
which the action had been tried—on the tenth day of
December, 1896, at 11 o'clock A. M.

At that day and hour the defendant's attorney ap-
peared at the clerk's office and tendered a new bond,
with other sureties, who duly justified before the clerk,
and he thereupon approved and filed said bond. The
plaintiff's attorney, deeming the second notice of justi-
fication of the sureties unwarranted and insufficient,
declined to appear before the clerk on the tenth day of
December, and afterward moved the superior court to
order execution to issue, notwithstanding the approval
by the clerk of the bond filed on that day.

The motion for execution was granted by the court,
and the question to be decided here is whether the ap-
pellant is entitled to a writ of *supersedeas.*

The respondent, in resisting her application, urges
three reasons for holding that the county clerk exceeded
his authority in approving the bond filed on December
10th.

In the first place, he says the notice was to the effect
that the sureties on the original bond would justify, and
the appellant had no right, in view of that notice, to file
a new bond with different sureties. We think, however,
that the right to do so is conferred in express terms by
the statute. (Code Civ. Proc., sec. 948.)

In the next place, the respondent contends that, ac-
cording to the decision in *Hill* v. *Finnigan,* 54 Cal. 494,
the appellant, by failing to produce her sureties for
justification on December 4th, in pursuance of her first
notice, thereby forfeited her right to justify them, or
other sureties, at any other time.

But the case of *Hill* v. *Finnigan, supra,* did not in-
volve any such question, and it was not decided upon
any principle or proposition which justifies the claim
made by counsel. It was said, in effect, in the opinion
in that case, that the statute contemplates but one pro-
ceeding in the trial court to stay execution, and that to

allow others, after failure of the first, might enable the appellant, by a series of pretended efforts to justify, to unreasonably delay the prevailing party in the enforcement of his rights.

But the "one proceeding" contemplated by the statute, and referred to in that opinion, is the proceeding in which the appellant is allowed all of twenty days after exception to the sufficiency of his sureties to justify them, or others in their place. When that twenty days has elapsed without justification, then the proceeding is at an end, and the right to a stay is lost, so far as the trial court is concerned. But if the sureties fail to appear in pursuance of one notice, and there is sufficient time left of the twenty days allowed for justification to produce the same or other sureties, upon five days' notice the appellant may give a new notice, as was done in this case, and the respondent must attend, or the sureties will be well justified in his absence.

Lastly, the respondent contends that the notice of the 4th of December did not give him the time to which he was entitled. It was mailed in San Francisco and directed to San Jose, which is fifty miles distant, and, therefore, he contends that he was entitled, under section 1013 of the Code of Civil Procedure, to seven days' notice, because he says the law gave him five days after the service of the notice to exercise the right of appearing and cross-examining the sureties, and, therefore, he was entitled to two days' additional time for every twenty-five miles between San Francisco and San Jose.

But in this case the law does not give the respondent the right to appear and cross-examine *within* any certain number of days. It requires him to appear *at the time* specified in the notice, and he is entitled to only five days' notice. Section 1013 applies to such provisions and rules as those which require an answer within ten days after notice of demurrer overruled, or service of notice of motion for new trial within ten days after notice of filing of decision. It applies, in other words, according to its terms, where some act must be done or

right exercised *within* a certain number of days after service, and not to the right to be present at a proceeding of which a prescribed notice must be given.

For these reasons, we think the stay bond tendered by appellant on December 10th was properly approved by the clerk, and that the order for execution to issue was improperly granted.

Let a writ of *supersedeas* issue as prayed.

HARRISON, J., VAN FLEET, J., and McFARLAND, J., concurred.