[S. F. No. 9331.  In Bank.—May 26, 1920.]

RUSSELL G. SEAMAN, etc., Petitioner, v. SUPERIOR
COURT OF MARIN COUNTY et al., Respondents.

[1] DISMISSAL OF ACTIONS — FAILURE TO RETURN SUMMONS WITHIN
THREE YEARS—SUMMONS ON CROSS-COMPLAINT—CODE SECTION IN-
APPLICABLE.—The amendment of 1909 to section 442 of the Code
of Civil Procedure providing for the first time for the issuance
and service of a summons on a cross-complaint did not have the
effect of making section 581a of such code, which provides for
the dismissal of actions where the summons is not returned within
three years, applicable to such a summons.

APPLICATION for a Writ of Prohibition to prevent the
Superior Court from proceeding with the trial of issues on a
cross-complaint.   Denied. .

The facts are stated in the opinion of the court.

James H. Boyer for Petitioner.

George H. Harlan for Respondents.

WILBUR, J.—Petitioner applied for a writ of prohibition
to the district court of appeal, and a peremptory writ was
ordered.   On respondent's motion the case was subsequently
transferred to this court.   Petitioner seeks to prohibit the
respondent from proceeding with the trial of the issues on
a cross-complaint in an action to foreclose a mortgage, in
which the Bank of Sausalito, a defendant, had answered and
filed a cross-complaint, September 14, 1915, for the fore-
closure of a first mortgage, the original action having been
begun October 13, 1913, to foreclose a second mortgage.
Summons was issued upon the cross-complaint and served
September 23, 1915.   The affidavit of service was immedi-
ately indorsed thereon.   In order to allow the defendant, who
had defaulted in the original foreclosure action and on the
cross-complaint, an opportunity to try to sell the property
and realize something out of his equity, and because of his
earnest solicitation, and in accordance with a written stipu-
lation to that effect, the summons was not filed until Sep-
tember 22, 1919, the defendant having agreed to pay the

interest upon the mortgage of the Bank of Sausalito and to make efforts to sell the property. The defendant Seaman paid the interest to January 31, 1919, and a small amount ($25) on account of the principal. He died March 27, 1919. His son, having been appointed the executor of his estate, makes this application to prohibit the further prosecution of the cross-complaint on the ground that the summons, though served within time, was not filed within three years after the filing of the cross-complaint, thus depriving the court of jurisdiction to proceed thereon. So far as the trial court has any discretion in the matter, it has been already exercised against the petitioner by a denial of a motion to dismiss the cross-complaint, and the fact that the delay was occasioned wholly at the request of the defendant and for his benefit would amply justify such decision if the court has any discretionary power. The petitioner relies upon section 581a of the Code of Civil Procedure, as construed in *Vrooman* v. *Li Po Tai,* 113 Cal. 305, [45 Pac. 470]; *White* v. *Superior Court,* 126 Cal. 247, [58 Pac. 450], holding that the court loses jurisdiction where the summons is not returned within three years, and the question is as to whether the rule is different on a cross-complaint. At the time section 581a was enacted in 1907 the law did not require the issuance or service or return of summons upon a cross-complaint. (*White* v. *Patten,* 87 Cal. 151, [25 Pac. 270]; *Rodgers* v. *Parker,* 136 Cal. 313, [68 Pac. 975].) Consequently, at the time section 581a of the Code of Civil Procedure was enacted it did not apply to a cross-complaint. In 1909, [Stats. 1909, p. 966], section 442 of the Code of Civil Procedure was amended to provide, for the first time, for a summons upon a cross-complaint. The provision then added by amendment is as follows: ''If any of the parties affected by the cross-complaint have not appeared in the action, a summons upon the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action.'' It is contended by petitioner that by reason of this amendment to section 442, the provisions of 581a now apply, to which the respondent replies that section 442 does not now require the summons to be ''returned,'' and that section 442 does not change the previous meaning of section 581a. As 581a, at the time of its enactment, did not apply to an action

upon a cross-complaint, it follows that it would apply thereto only because of the amendment to 442. It is true, that for some purposes, a cross-complaint is regarded as the beginning of an entirely new action, but it is nevertheless a part and portion of the original action, and differs from a new action in this essential particular, namely, that the cross-complainant is brought into court by the plaintiff and does not come of his own volition. [1] The reasons for a dismissal in the latter case may be as cogent as in the former, but in the absence of legislation depriving the court of jurisdiction, it has still power to proceed, and the mere amendment of section 442, providing for a summons on a cross-complaint, would not have that effect. No harm can come from such a construction, because of the inherent power of the court to dismiss for lack of diligence in the prosecution of a cross-complaint; while an arbitrary rule requiring a dismissal might work great injustice, and would here, where the statute of limitations has run against a new action, or the period for filing claims against an estate has expired, as in this case.

Writ denied.

Shaw, J., Olney, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.