[Civ. No. 8321. First Appellate District, Division Two.—April 21, 1932.]

E. J. VOGEL, Appellant, v. F. D. MARSH, etc., Respondent.

E. J. Vogel, *in pro. per.*, for Appellant.

Louis V. Crowley and Cooley, Crowley & Supple for Respondent.

NOURSE, P. J.—This is an appeal from an order dismissing the above-entitled action because of plaintiff's laches and neglect in the prosecution of the proceeding.

The original complaint was filed July 21, 1920, in the county of Marin; demurrer was interposed December 24, 1920; change of venue was secured to the city and county of San Francisco March 19, 1921; demurrer was sustained January 12, 1923; an amended complaint was filed March 2, 1923; demurrer to the amended complaint was filed June 11, 1928; the motion to dismiss for delay in prosecution was filed September 26, 1930, and was heard October 8 and 23, 1930.

In opposition to the motion to dismiss the plaintiff made no showing tending to excuse the unreasonable delays other than that his case had been in the hands of numerous attorneys who, he now asserts, in some manner conspired to defraud him. In support of the motion it was shown by defendant that the long delay of plaintiff in filing his amended complaint (five years) was due to plaintiff's own fault and negligence and was not taken through any stipulation or understanding with the defendant.

Upon the facts as they appear in the record the question is whether a court may dismiss an action for unreasonable delay and want of diligence on plaintiff's part if no answer has been filed by the defendant. The question has been answered in numerous decisions. ▮ The mandatory features of section 583 of the Code of Civil Procedure, requiring a dismissal for failure to bring a cause to trial within five years after answer filed, and the directory provision authorizing a dismissal under certain circumstances two years after answer filed do not control the inherent power of the court to dismiss for the failure of the plaintiff

to prosecute the action with reasonable diligence. (*Romero v. Snyder*, 167 Cal. 216, 221 [138 Pac. 1002]; *Averaa v. Keeney*, 169 Cal. 628, 632 [147 Pac. 466]; *Allyne v. Superior Court*, 200 Cal. 661, 666 [254 Pac. 564]; *St. Claire v. Brix*, 89 Cal. App. 94, 99 [264 Pac. 307]; 9 Cal. Jur., pp. 526, 527.)

From these authorities it follows that the trial court was vested with discretion to dismiss. As that court affirmatively found that plaintiff's delay was unreasonable and inexcusable it cannot be said that it abused its discretion in granting the motion.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 21, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1932.