[Civ. No. 1642. Fourth Appellate District.—December 24, 1936.]

D. S. PHILLIPS, Appellant, v. SANTA ANA TIMES et al., Respondents.

Paul Sherman Crouch and L. F. Coburn for Appellant.

Carl M. Heim and Duncan A. McLeod for Respondents.

JENNINGS, J.—The appeal herein is from an order of the superior court dismissing the above-entitled action because of plaintiff's failure to prosecute the action with diligence and unnecessary delay in bringing the action to trial.

The record discloses that plaintiff's amended complaint was filed March 14, 1932, and answers thereto were filed by the various defendants on March 22, 1932, and April 5, 1932, and that the trial of the action was begun on October 10, 1932, and was concluded on the following day and that on November 1, 1932, judgment was rendered in plaintiff's favor. It further appears that an order granting a motion for a new trial was entered December 24, 1932. No further action was taken until November 9, 1935, when the case was set for trial. The date fixed for trial was December 19, 1935. On December 9, 1935, defendants gave notice that on the date appointed for the trial they would move the court to dismiss the action for failure to prosecute and unnecessary delay in bringing the action to trial. The motion for dismissal was granted and this appeal followed.

■ Appellant presents two contentions in his effort to secure a reversal of the order. These are first, that the trial court had no inherent right to dismiss the action and, second, if the court possessed such right it abused its discretion in making the order of dismissal.

With respect to the first of the above-stated contentions appellant relies on section 583 of the Code of Civil Procedure. The particular provision of this statute, which it is insisted supports the contention, is as follows:

''When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order granting a new trial.''

It is argued that this language is conclusive of the authority of a court to dismiss an action for failure to prosecute after judgment and after a new trial has been granted. It is pointed out that the statute expressly provides that the court is vested with discretion to dismiss an action for want of prosecution when it is not brought to trial within two years after it was filed and that it is mandatory to dismiss when it is not brought to trial within five years after filing but that the above-quoted language imposing a duty to dismiss when the action is not brought to trial after a new trial is granted contains no grant of discretion and is indicative of a legisla-

tive intent that in such a situation a plaintiff shall have a full three-year period within which to bring the action to trial.

The contention thus advanced is ingenious but not appealing. It is settled that the superior court, without the aid of statutory authority, possesses the power to dismiss an action because of the plaintiff's failure to prosecute with reasonable diligence. (*Romero* v. *Snyder*, 167 Cal. 216 [138 Pac. 1002]; *Vogel* v. *Marsh*, 122 Cal. App. 748 [10 Pac. (2d) 791].) This inherent discretionary authority which the court possesses remains unimpaired unless it is expressly limited by statute. (*Craghill* v. *Ford*, 127 Cal. App. 661, 667 [16 Pac. (2d) 343].) It is not so limited by the mandatory provision of the statute upon which appellant places particular reliance. All that is there declared is that the action *shall* be dismissed unless brought to trial within a period of three years after entry of the order granting a new trial. There is no suggestion or intimation that the discretionary power inherent in the court to dismiss for failure to prosecute is in any respect restricted or limited thereby. Appellant asks us to do more than indulge in a liberal construction of a statute. In effect, it is contended that we should extend the statute's operation by implication to a subject which, in the absence of statutory regulation, was properly within the discretion of the trial court. Obviously, the purpose of section 583 is to compel expedition in the trial and disposition of causes. Since this is true we find no justification for giving to the plain language of the act a meaning that would seriously limit the discretionary power that is inherent in the very nature of the court to control the trial and expeditious disposition of causes presented for its determination.

With respect to the second contention advanced, it will suffice to state that an examination of the record demonstrates that the trial court committed no abuse of discretion in making the order from which the appeal has been taken. It may here be observed that the motion for dismissal was supported by affidavit of one of the respondents, that no counteraffidavit in opposition to the motion was filed by appellant, and no sufficient showing excusing a delay of 2 years

11 months and 26 days in bringing the action to retrial was made.

The order from which this appeal has been taken is therefore affirmed.

Marks, Acting P. J., concurred.

Presiding Justice Barnard being absent did not participate herein.