## SKAUG v. SHEEHY, Warden.
### No. 11367.

Circuit Court of Appeals, Ninth Circuit.
Oct. 25, 1946.

Rehearing Denied Nov. 22, 1946.

Martin J. Scanlan, of Reno, Nev., for appellant.

Gray Mashburn, of Carson City, Nev. (Alan Bible, Atty. Gen. of Nevada, Homer Mooney and George P. Annand, Deputy Attys. Gen. and Melvin E. Jepson, Dist. Atty. of Reno, Nev., of counsel), for appellee.

Before DENMAN, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

A Nevada statute, § 10068, Nevada Compiled Laws 1929, provides, in

part: "Every person convicted of murder in the first degree shall suffer death or confinement in the state prison for life, at the discretion of the jury trying the same; * * *" The provision was taken from the California Penal Code, § 190. Prior to its adoption by the Nevada legislature in 1907 the parent statute had been uniformly construed by the California courts as requiring the court to impose the death penalty on conviction of first degree murder where the jury did not itself fix the punishment. Applying the familiar rule that a statute taken from a sister state will be presumed to have been adopted with the construction placed upon it by the courts of that state, the Nevada courts have consistently given the provision a like interpretation. State v. Russell, 47 Nev. 263, 220 P. 552, 222 P. 569; Kramer v. State, 60 Nev. 262, 273–276, 108 P.2d 304.

Appellant was convicted of first degree murder in a Nevada court in 1944. The jury having failed by its verdict to prescribe the penalty, the court imposed the death sentence. On appeal, State v. Skaug, Nev., 161 P.2d 708, the judgment was affirmed over the contention of appellant that the interpretation of the statute, above discussed, was wrong and that a decision of the California supreme court handed down in 1926, People v. Hall, 199 Cal. 451, 249 P. 859, should be followed. The latter decision placed an interpretation on the statute differing from that formerly given it by the California court.[1]

Subsequently a petition for a writ of habeas corpus was filed by appellant in the Nevada supreme court on the ground that there is no statute or provision of the constitution of the state giving to a trial court jurisdiction to pronounce a judgment and sentence of death on a verdict of first degree murder where the jury fails, or is unable because of disagreement, to fix the penalty. The court, after an exhaustive review of the history of the statute and of the cases bearing upon its construction, dismissed the petition. Ex Parte Skaug, Nev., 164 P.2d 743. Certiorari was denied by the Supreme Court, 66 S.Ct. 1011, 1012.

Before certiorari was applied for appellant instituted the present proceeding in habeas corpus in the United States Court for Nevada, asserting that he had been denied due process of law and equal protection of the laws under the Fifth and Fourteenth Amendments and of a trial by jury within the intendment of the constitution of Nevada. The petition proceeds on substantially the same grounds as those urged upon the Nevada court. The appeal here is from a judgment denying the petition.

We are unable to see merit in the appeal. Appellant concedes, as he must, that if the local statute had in express terms required the imposition of the death penalty in cases where the jury failed for any reason to fix the punishment, no claim of a denial of due process or of equal protection could be supported. Hence the problem posed is merely one of statutory construction. No principle is better settled than that the construction of a state statute or provision of its constitution is a state question, the final decision of which rests with the courts of the state. Cf. Hebert v. State of Louisiana, 272 U.S. 312, 316, 47 S.Ct. 103, 71 L.Ed. 270, 48 A.L.R. 102. The only question that would be open here, under the due process or equal protection clauses, is whether the state had power to enact a statute construed as this one is by the state court. As already observed, the existence of such power is not and could not be gainsaid.

Affirmed.

[1] Compare, in this connection, Smith v. United States, 9 Cir., 47 F.2d 518, construing an analogous federal statute, § 330 of the Criminal Code, 18 U.S.C.A. § 567.