[Civ. No. 15317. Second Dist., Div. One. Nov. 8, 1946.]

FOX WOODSUM LUMBER COMPANY (a Corporation), Respondent, v. OSMONDE W. JANES, Appellant.

A. J. O'Connor and George J. Hider for Appellant.

No appearance for Respondent.

WHITE, J.—No brief having been filed in behalf of respondent, this cause was ordered submitted pursuant to the provisions of rule 17(b) of the Rules on Appeal, which rule further provides that in such cases the court may accept as true the statement of facts in the appellant's opening brief.

The following facts appear therein:

By this action filed May 16, 1945, plaintiff seeks to recover on a check in the amount of $4,300 which was executed and delivered by defendant Janes to defendant J. W. Dimmitt, the latter indorsing and delivering the document to plaintiff. Upon presentation thereof to the drawee bank it was dishonored because payment thereon had been stopped by the maker before presentation.

Defendant Dimmitt in his answer filed June 8, 1945, admitted the execution and delivery to him of said check and his subsequent indorsement, but denied any notice of dishonor.

Defendant and appellant Janes in his answer filed June 9, 1945, in addition to denying generally the allegations of the complaint, affirmatively pleaded (1) a conditional delivery of said check to the payee procured by his fraudulent representations, the payee's breach of said conditions and knowl-

edge of all said facts by plaintiff-indorsee prior to indorsement; (2) want of consideration for said indorsement; (3) failure of consideration passing from payee to maker and a knowledge thereof by indorsee prior to indorsement; and (4) breach by indorsee of his agreement which was a consideration for the indorsement.

In addition to his answer, defendant Janes contemporaneously therewith, on June 9, 1945, filed a cross-complaint for damages against defendant Dimmitt and his copartners individually, and as copartners doing business under the name of Utility Products, wherein it was alleged that the cross-defendants conspired, with the full knowledge of the plaintiff Fox Woodsum Lumber Company, to procure a conditional delivery of said check from defendant Janes by making certain fraudulent representations in order to liquidate a debt due from the said copartnership to plaintiff lumber company, and that the latter took said check by indorsement with full knowledge and notice of said fraudulent representations and conditional delivery.

On June 14, 1945, plaintiff lumber company answered said cross-complaint, denying generally the allegations thereof, and set up by way of affirmative defense substantially the allegations contained in its complaint.

Copies of the summons and cross-complaint were placed in the hands of a professional process server named Fred Ullrich, to serve the same upon Charles H. Harter and John J. Willinger, two of the cross-defendants and members of the above-named copartnership, and a copy of said summons and cross-complaint were sent by mail to Mark Jones, Esq., attorney for defendant Dimmitt.

On July 25, 1945, plaintiff lumber company filed its memorandum setting the cause for trial on September 18, 1945, up to which time the process server had not as yet made service of summons and cross-complaint on the aforesaid two cross-defendants. When the cause was called to trial on September 18, it was permitted to go off calendar because the matter was not then at issue.

On October 12, 1945, plaintiff served upon defendant Janes notice of motion to dismiss said cross-complaint on the ground of want of prosecution, since said process server had not made service of process on the above-mentioned two cross-defendants. This motion came on for hearing on the 26th day

of October, 1945, and was by the court granted. From such order defendant Janes prosecutes this appeal.

It is the contention of appellant that the court was without jurisdiction to dismiss the cross-complaint for want of prosecution on the basis of the facts here present, and that said dismissal was in contravention of the provisions of section 581a of the Code of Civil Procedure.

Section 442 of the Code of Civil Procedure. provides that whenever a party seeks affirmative relief by way of a cross-complaint, such pleading must be served upon the parties affected thereby, and if any of the parties so affected have not appeared in the action, a summons on the cross-complaint must be issued and served upon them in the same manner as upon the commencement of an original action. In the instant case, therefore, no summons was required as to plaintiff lumber company and defendant J. W. Dimmitt who had theretofore appeared in the action, but a summons was required to be issued and served upon cross-defendants Charles H. Harter and John J. Willinger, who had not theretofore appeared.

Section 581a, relied upon by appellant, does not apply to the issuance, service and return of summons upon a cross-complaint because the section was enacted before the law required summons in such cases (*Seaman* v. *Superior Court of Marin County,* 183 Cal. 47, 48 [190 P. 441]).

Since section 581a is not applicable to the issuance, service and return of summons upon a cross-complaint, it manifestly follows that it is within the sound discretion of a trial court in the exercise of its inherent power, to dismiss a cross-complaint for want of prosecution. Therefore, appellant's contention that the trial court was without jurisdiction to dismiss is without merit.

The question presented is whether the trial court abused its discretion in making the order complained of. As heretofore noted, appellant filed his cross-complaint June 19, 1945; plaintiff's motion to dismiss the same was granted October 26, 1945. Some four months only elapsed between the date of filing and the date of dismissal of the cross-complaint.

At the hearing of the motion to dismiss, appellant's attorney presented his affidavit, from which it appears that, prior to the date of September 18, 1945, when the cause was called for trial and ordered off calendar, appellant's attorney

had placed in the hands of a professional process server the cross-complaint and summons issued thereon for service upon the two cross-defendants who had not theretofore appeared in the action. Service of the cross-complaint was had upon plaintiff lumber company and defendant Dimmitt who had appeared in the action and plaintiff lumber company filed its answer to the same.

No definite or fixed rule can be laid down for the exercise of discretion in dismissing a cross-complaint for want of prosecution since such action is not regulated by statute, but the discretion to be exercised, under the circumstances of the particular case, is a legal discretion, to be exercised in conformity with the spirit of the law and in such a manner as to subserve and not to impede or defeat the ends of substantial justice.

In the instant case, if we assume that in the affidavit accompanying the motion to dismiss, a prima facie case of lack of diligence was shown, we are impressed that appellant met the burden cast upon him to show circumstances excusing his claimed tardiness in pursuing the two cross-defendants. Four months does not appear to us to be an unseemly or unreasonable delay when appellant had placed the summons with a process server who, in conjunction with plaintiff's attorney, was, according to the latter's affidavit, diligently attempting to locate the two cross-defendants. "Each particular case presents its own peculiar features, and no iron-clad rule can justly be devised applicable alike to all." (*First National Bank* v. *Nason*, 115 Cal. 626 [47 P. 595].)

To us it appears that the delay was reasonably accounted for and excused, and that the order of the court did not tend to subserve the ends of substantial justice.

Persuaded as we are that the discretion of the court was improperly exercised, the order appealed from is reversed and the cause remanded.

York, P. J., and Doran, J., concurred.