## ANNABELLE HARRIS, Appellant, *v.* GEORGE HARRIS, Respondent.

No. 3511

July 28, 1948.                                   196 P.2d 402.

*Lewis, Hawkins & Cannon,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones* and *D. Francis Horsey,* all of Las Vegas, for Respondent.

## OPINION

By the Court, McKNIGHT, District Judge:

This is an appeal by defendant from a judgment of

dismissal, rendered on motion of plaintiff, for failure of defendant to use due diligence in the prosecution of her cross action after reversal of the case by the supreme court, and because said cross complainant "does not intend to proceed with a new trial, * * * and has abandoned the same and her cause of action on her cross complaint."

The record discloses the following facts:

On July 15, 1942, respondent, as plaintiff in the trial court, filed his action for divorce on the ground of three years separation. Issues were joined upon that question, as well as upon questions raised in the cross complaint filed by appellant, as defendant and cross complainant in the trial court, wherein she prayed for separate maintenance on several grounds.

After trial and rendition of a special verdict by a jury on December 13, 1943, the court entered its decree granting plaintiff a divorce. Upon appeal by defendant on the judgment roll alone, the judgment was reversed and a new trial ordered. Harris v. Harris, 62 Nev. 473, 153 P.2d 904, 159 P.2d 575. The remittitur of this court reversing the judgment was filed by the clerk of the trial court on July 10, 1945.

On October 11, 1946, defendant filed a petition in a Massachusetts court, wherein, as a petitioner, she prayed that respondent, his agents and attorneys, be restrained and enjoined from further prosecuting this action, and from doing any act in furtherance of such prosecution, and for the issuance of a mandatory injunction ordering said respondent, his agents or attorneys, to effect forthwith, a dismissal of this action, "and to take such other action as may be necessary to terminate the said proceedings by means of a nonsuit or dismissal or other appropriate decree discontinuing or dismissing said proceedings." An injunction was thereafter granted by the Massachusetts court, enjoining and commanding respondent, his servants, agents, attorneys and counsellors, "to desist and refrain from further prosecuting his

petition for divorce in the State of Nevada * * * and from doing any act in furtherance of such prosecution." Service of this injunction was made upon plaintiff in Nevada on November 4, 1946.

Neither party did anything in the Nevada action after the remittitur was filed until March 17, 1947, a period of one year and eight months, when plaintiff served and filed his notice of motion to dismiss. The motion was addressed to and was granted under the inherent discretionary power of the trial court.

It is the contention of defendant that the trial court could not properly enter its order of dismissal before the expiration of two years from July 10, 1945, the date on which the remittitur was filed. Such contention is based upon the Nevada statute providing "for the dismissal of actions for want of prosecution, on motion of the defendant, or in the discretion of the court on its own motion, in certain cases, and specifying the time for said dismissals, and other matters in connection therewith," effective July 1, 1943, section 1 of which reads:

"The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. When, in any action after judgment, a motion for a new trial has been made and a new trial granted, such action shall be dismissed on motion of defendant after due notice to plaintiff, or by the court of its own motion, if no appeal has been taken, unless such action is brought to trial within three years after the entry of the order

granting a new trial, except when the parties have stipulated in writing that the time may be extended. When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court." Stats.1943, p. 231; sec. 9932, N.C.L.1931–1941 Supplement, 1945 Pocket Part.

This statute is an exact copy of section 583 of the California Code of Civil Procedure, as amended by Stats.1933, p. 853. Deering's Code of Civil Procedure, 1937 edition; 5 Cal.Jur. 10 year sup., 1944 Revision, p. 255.

■ Since the statute was taken from California, it is presumed that it was adopted by the legislature with the construction given it by the courts of that state before its adoption. Kramer v. State, 60 Nev. 262, 275, 108 P.2d 304, Skaug v. Sheehy, 9 Cir., 157 F.2d 714, 715.

Defendant contends that "consideration of the act as a whole makes it clear that unless two years have elapsed subsequent to the filing of the remittitur in the trial court, that court may not dismiss the action over the objection of either party thereto." This contention, ably presented by defendant's eminent counsel, is both novel and ingenius, but it is not supported by either authority or reason.

■ It is settled that a court of record, without the aid of statutory authority, possesses the power to dismiss an action because of the plaintiff's failure to prosecute with reasonable diligence. Raine v. Ennor, 39 Nev. 365, 371, 158 P. 133; Romero v. Snyder, 167 Cal. 216, 138 P. 1002, 1003; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406, 409; Brown v. Haymore, 43 Ariz. 466, 32 P.2d 1027, 1028; State ex rel. Dawson v.

Superior Court, 16 Wash.2d 300, 133 P.2d 285, 287; St. Ferdinand Sewer District v. Turner, Mo.App., 208 S.W.2d 85, 87; Johnson v. Campbell, Tex.Civ.App., 154 S.W.2d 878, 880; 17 Am.Jur., Dismissal and Discontinuance, sec. 57, page 88; 27 C.J.S., Dismissal and Nonsuit, sec. 65, page 232; Bancroft's Code Practice and Remedies, 10-year supplement, vol. 2, page 1579, sec. 503, note 13.

■ Likewise, a court of record has inherent power to dismiss a cross complaint for lack of diligence in its prosecution. Seaman v. Superior Court, 183 Cal. 47, 190 P. 441, 442; Fox Woodsum Lumber Co. v. Janes, 76 Cal.App.2d 748, 173 P.2d 854, 855; National Surety Co. v. American Savings Bank & Trust Co., 101 Wash. 213, 172 P. 264, 266; Ware v. Jones, Tex.Com.App., 242 S.W. 1022, 1023; Johnson v. Campbell, supra, Tex.Civ. App., 154 S.W.2d 878, 880; Smock v. Fischel, Tex.Sup., 207 S.W.2d 891, 892; 27 C.J.S., Dismissal and Nonsuit, sec. 65, page 232, notes 6 and 9; Bancroft's Code Practice and Remedies, vol. 1, page 764, sec. 509, note 16.

■ This inherent discretionary power which a court of record possesses remains unimpaired unless it is expressly limited by statute. Craghill v. Ford, 127 Cal.App.661, 16 P.2d 343, 346; Phillips v. Santa Ana Times, 18 Cal.App.2d 280, 63 P.2d 838, 839.

That power is limited only by the provisions of section 9932, N.C.L., above quoted. Craghill v. Ford, supra, 127 Cal.App. 661, 16 P.2d 343, 346.

■ The statute is not applicable to this case, principally because the issues raised upon the cross complant and answer are completely severable from the issues upon the original complaint and answer, and a plaintiff has no such control over a cross complaint as would entitle him under the circumstances to ask for its dismissal under the code provision invoked. Pacific Finance Corporation v. Superior Court, 219 Cal. 179, 25 P.2d 983, 984, 90 A.L.R. 384. See, also, Fox Woodsum Lumber Co. v. Janes, 76 Cal.App.2d 748, 173 P.2d 854, 856.

The first sentence of the statute, upon which defendant relies, stands by itself as conferring discretionary power upon the court to dismiss any action for want of prosecution "whenever plaintiff has failed for two years after action is filed to bring such action to trial." This power is not controlled by, nor does it control, nor have any effect whatever upon, the succeeding mandatory provisions of the statute. See, Jackson v. DeBenedetti, 39 Cal.App.2d 574, 103 P.2d 990, 992; Mercantile Investment Co. v. Superior Court, 218 Cal. 770, 25 P.2d 12, 14; Allyne v. Murasky, 200 Cal. 661, 254 P. 564, 566.

Neither the first nor the second sentence of the statute has any application to the retrial of causes. Allyne v. Murasky, supra, 200 Cal. 661, 254 P. 564, 565, 566. See, also, Mercantile Investment Co., v. Superior Court, 218 Cal. 770, 25 P.2d 12, 14; Krasnow v. Superior Court, 15 Cal. App.2d 141, 59 P.2d 442, 443; City of Los Angeles v. Superior Court, 15 Cal.2d 16, 98 P.2d 207, 209; Craighill v. Ford, supra, 127 Cal.App. 661, 16 P.2d 343, 345.

In Allyne v. Murasky, supra, the court had under consideration the statute which then contained the first two sentences. In holding that the second sentence was without application where there had been a trial, though incomplete, it said:

"If the five-year limitation was to be held to apply in the case at bar, it would necessarily follow that the two-year limitation would also apply, and that a trial judge would be powerless to determine that a delay of less than two years was unreasonable and warranted a dismissal. We cannot hold that the Legislature has indicated an intention to accomplish such a result by the enactment of section 583."

In Craighill v. Ford, supra, the court held that after a trial has been commenced and is continued at the request of the plaintiff to permit him to correct and amplify his bill of particulars, the inherent power of the trial court to dismiss the action is not suspended

for the period of two years, but remains unimpaired by the first sentence of the statute, and that a dismissal of the action after the plaintiff's inaction for thirteen months is not an abuse of such discretion.

■ The last sentence of the statute makes its mandatory for the court to dismiss an action if not brought to trial within three years from the filing of the remittitur. Inderbitzen v. Lane Hospital, 17 Cal.App.2d 514, 515; Booth v. Los Angeles County, 69 Cal.App.2d 104, 158 P.2d 401, 403.

■ But this mandatory provision does not impair or circumscribe the inherent power of a court to dismiss in a shorter period. Inderbitzen v. Lane Hospital, supra, 17 Cal.App.2d 103, 61 P.2d 514, 516; Phillips v. Santa Ana Times, 18 Cal.App.2d 280, 63 P.2d 838, 839.

As said in Inderbitzen v. Lane Hospital, supra:

"It will be noticed that there is no express provision in the section restricting or limiting the power of the court to dismiss for want of prosecution after the filing of the remittitur where the delay has been for a shorter period than is named in the statute where dismissal is mandatory."

In Phillips v. Santa Ana Times, supra, the court held that the discretionary power inherent in the trial court to dismiss an action because of the plaintiff's failure to prosecute with reasonable diligence, was not restricted or limited by the mandatory provision in the third sentence of the statute. In doing so, it said:

"All that is there declared is that the action shall be dismissed unless brought to trial within a period of three years after entry of the order granting a new trial. There is no suggestion or intimation that the discretionary power inherent in the court to dismiss for failure to prosecute is in any respect restricted or limited thereby. Appellant asks us to do more than indulge in a liberal construction of a statute. In effect, it is contended that we should extend the statute's operation by implication to a subject which, in the absence of

statutory regulation, was properly within the discretion of the trial court. Obviously, the purpose of section 583 is to compel expedition in the trial and disposition of causes. Since this is true, we find no justification for giving to the plain language of the act a meaning that would seriously limit the discretionary power that is inherent in the very nature of the court to control the trial and expeditious disposition of causes presented for its determination."

■ As the present case is not embraced by the terms of the statute, the trial court properly resorted to its inherent power to pass on the motion for dismissal. Oberkotter v. Spreckels, 64 Cal.App. 470, 221 P. 698,699; Craghill v. Ford, supra, 127 Cal.App. 661, 16 P.2d 343, 346; Phillips v. Santa Ana Times, supra, 18 Cal.App.2d 280, 63 P.2d 838, 839; Allyne v. Murasky, supra, 200 Cal. 661, 254 P. 564, 565; Vogel v. Marsh, 122 Cal.App. 748, 10 P.2d 791, 792.

■ The only limitation upon the discretionary power of the court to dismiss a cause for delay in its prosecution is that it must not be abused. Jackson v. DeBenedetti, supra, 39 Cal.App.2d 574, 103 P.2d 990, 992.

Each particular case presents its own peculiar features, and no ironclad rule can justly be devised applicable alike to all. First National Bank v. Nason, 115 Cal. 626, 47 P. 595, 596; Fox Woodsum Lumber Co. v. Janes, supra, 76 Cal.App.2d 748, 173 P.2d 854, 856.

■ The discretion to be exercised, under the circumstances of the particular case, is a legal discretion, to be exercised in conformity with the spirit of the law and in such a manner as to subserve and not to impede or defeat the ends of substantial justice. Fox Woodsum Lumber Co. v. Janes, supra, 76 Cal.App.2d 748, 173 P.2d 854, 856.

■ Unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal. Raine v. Ennor,

supra, 39 Nev. 365, 374, 158 P. 133; Inderbitzen v. Lane Hospital, supra, 17 Cal.App.2d 103, 61 P.2d 514, 516; Cohn v. Rosenberg, 62 Cal.App.2d 140, 144 P.2d 399, 401; Allyne v. Murasky, supra, 200 Cal. 661, 254 P. 564, 566; Brown v. Haymore, supra, 43 Ariz. 466, 32 P.2d 1027, 1028; Hicks v. Bekins Moving & Storage Co., supra, 9 Cir., 115 F.2d 406, 409; Pennsylvania Railroad Co. v. City of Pittsburgh, 335 Pa. 449, 6 A.2d 907, 911; Bancroft's Code Practice and Remedies, vol. 1, page 758, sec. 506, note 10; and 10-year supplement, vol. 2, pages 1581, 1582, note 12.

As the trial court affirmatively found that a stronger set of facts justifying the exercise of its discretion could not be imagined, which finding is supported by the record, it follows that the court did not abuse its discretion in granting the motion.

The judgment appealed from is affirmed.

BADT, J., concurs.

EATHER, C. J., being ill and unable to participate in this opinion, the Governor designated HON. WM. McKNIGHT, Judge of the Second Judicial District Court, to sit in his place.

HORSEY, J., being disqualified did not participate in the above-entitled case.

### ON PETITION FOR REHEARING

October 9, 1948.

*Per Curiam:*

Rehearing denied.