[Civ. No. 78. Fifth Dist. Mar. 16, 1962.]

IVA LEE HATCHER et al., Plaintiffs and Appellants, v. FLOSSIE EDNA HEATLEY et al., Defendants and Respondents.

Magnus & Carver and William A. Carver for Plaintiffs and Appellants.

Mack, Bianco, King & Eyherabide, R. S. Cooney and Robert Anspach for Defendants and Respondents.

BROWN, J.—This is an appeal by plaintiffs from a judgment granting defendants' motion to dismiss under the two-year clause in section 583 of the Code of Civil Procedure.

On May 14, 1957, plaintiffs filed their complaint for personal injuries and property damage. While this complaint is not a part of the record on appeal, the date of its filing is admitted in defendants' memorandum of points and authorities on motion to dismiss, stating that this complaint was filed on May 14, 1957, for an accident which occurred May 15, 1956. Plaintiffs appear to have granted defendants an indefinite time within which to plead. The defendants' demurrer to the original complaint was sustained on October 20, 1958. On September 27, 1960, plaintiffs filed their first amended complaint. On October 7, 1960, a demurrer to the first amended complaint was filed, which was sustained on October 17, 1960, with leave to amend. No notice was served on plaintiffs, but plaintiffs' attorney was present when the motion was ruled on. On June 20, 1961, plaintiffs having failed to file their second amended complaint, defendants served and filed their notice of motion to dismiss for lack of prosecution. On June 26, 1961, the motion to dismiss was argued, submitted and granted, and on June 29, 1961, judgment of dismissal was entered. No second amended complaint was filed.

The plaintiffs continually refer to negotiations for settlement prior to filing of the motion to dismiss this action, but there is nothing in the record that shows that there was any discussion on this subject; no affidavits were filed when the motion was heard, nor did plaintiffs' attorneys file any points and authorities such as defendants' attorneys did.

The sole issue on this appeal is: Where a plaintiff, in a personal injury case, delays the filing of a complaint until one day before the one-year statute of limitations would have run,

then after demurrer sustained with leave to amend he permits a further period of three years to elapse before the filing of a first amended complaint, and after the filing of a demurrer to the first amended complaint, and sustaining thereof, a further period of approximately nine months is permitted to lapse without the filing of a second amended complaint and the total time elapsing from the filing of the original complaint to the entry of a judgment of dismissal for lack of prosecution is over four years, has the trial court abused its discretion in dismissing such an action for lack of prosecution under section 583 of the Code of Civil Procedure?

As to plaintiffs' contention that this whole matter was delayed because of the parties' discussion of settlement and the defendants' consent for delay in filing various pleadings and the defendants' failure to serve upon plaintiffs the notice of ruling on the demurrer, this was as much the fault of plaintiffs as it was of defendants. However, in answer to this argument, the defendants cite *San Jose Land & Water Co.* v. *Allen,* 129 Cal. 247, 249-250 [61 P. 1083], in which the court answers this contention as follows:

"So far as we can discover, the principal reason offered for not proceeding with the case, after the demurrer was argued and submitted, is that plaintiffs had no notice that the demurrer had been sustained until June 8, 1897. The order was made January 3, 1894, nearly three years and a half before plaintiffs made any movement toward proceeding with the case, and was entered in the minutes of the court and in the register of actions. The demurrer was filed in 1891 and was not passed upon until in 1894, but hearing thereof had been continued from time to time, at whose motion does not appear. Plaintiffs' attorney states that had he known of the ruling he would have amended his complaint, thus conceding its insufficiency and that for over six years the case stood without a good complaint. It was held here to be the duty of the plaintiff upon the defendant's interposing a demurrer to see that the demurrer was determined so that the action could go forward. [Citation.] The pendency of a suit in this court involving a question similar to a question involved in an action pending in a trial court offers no excuse for delay in prosecuting such case in the trial court to await the decision of the question in this court. [Citation.] The rule is well established that the exercise of the power to dismiss an action for want of prosecution must necessarily rest in the discretion of the *nisi prius* court. . . .

"Appellant cites section 476 of the Code of Civil Procedure, which provides that when a demurrer is sustained or overruled, and time given to amend or answer, 'the time given runs from the service of notice of the decision or order.' This section relates only to the right to amend or answer, but does not affect, the right to move for a dismissal."

Another case on this same subject is *De Roode* v. *County of Placer*, 112 Cal.App.2d 859 [247 P.2d 390]. The facts here were very similar to the present case, and the court disregarded the argument that you have to have time between the actual sustaining of the demurrer and the serving of notice, in the following manner:

"The difficulty with appellant's argument is that it overlooks the obvious purpose of the 1933 amendment which was to expedite the disposition of litigation and to do away with the long delays that had been caused by the former language which gave a plaintiff five years from the date of the last answer in which to bring an action to trial. The instant case shows the wisdom of the 1933 amendment. Here the record shows that the demurrer to appellant's second amended complaint was sustained on April 2, 1947, and yet appellant waited nearly four years before he filed his third amended complaint. Appellant knew he had filed his original complaint on April 13, 1946, and he knew that a demurrer to his second amended complaint was filed on November 18, 1946, and he knew what the statute provided. The portion of said section 583 here involved would be of little effect if a mandatory dismissal were not required in the instant case" (p. 861).

Therefore, there is no excuse created because the defendants did not give notice to the plaintiffs of the sustaining of the demurrer.

Under the section involved in this matter. (Code Civ. Proc., § 583) the court, in its discretion, may dismiss an action for want of prosecution whenever plaintiff has failed for two years after action is filed to bring such action to trial.

"The discretion is that of the trial court and it will be disturbed only in cases of manifest abuse." (*Hayashi* v. *Lorenz*, 42 Cal.2d 848, 851 [271 P.2d 18].)

"While the statutory provisions are not exclusive, and the courts have recognized that it is an inherent power of the court to grant motions to dismiss for reasons not set forth in the statute . . ., it has several times been held that section 583 fixes a minimum period of two years during which a court is prohibited from dismissing for mere delay." (*Holden* v.

*California Employment Stabilization Com.*, 101 Cal.App.2d 427, 437-438 [225 P.2d 634].)

"... the two years mentioned in these statutes is not an arbitrary limit to be followed in all cases, but was intended as a general guide in determining whether or not a 'want of prosecution' appears and, if so, whether this power should be used in view of the entire situation." (*Jepsen* v. *Sherry*, 99 Cal.App.2d 119, 120-121 [220 P.2d 819].)

Plaintiffs discuss the stabilization of plaintiffs' injuries so that a realistic settlement figure could be arrived at. They also refer to efforts of settlement and that they have a substantial claim, which matters are not supported by the record. The record shows only a typical complaint for injuries.

The above mentioned *Jepsen* case held that the two-year period is not an arbitrary limit but is intended as a general guide, and in that case there were reasonable grounds to believe that the plaintiff did have a good cause of action. In that case there were several complaints and amended complaints filed; the case was set for trial on May 26, 1949; the notice to dismiss under section 583 was filed on May 20, 1949. There, the motion for dismissal was granted, and reversed by the appellate court. The record showed that the parties were trying to settle controversies and had done several things which indicated that a settlement might be effected.

In our case there was nothing shown as to an excuse for any delay except that the plaintiffs have repeatedly stated that they were trying to get the injuries stabilized.

There are other cases on this very point, and a digest of some of these cases follows:

"As to the motion for relief under section 473, the extent of his showing is that he was ill for short periods of time. . . . There was no attempt to make any excuse whatever for the delay in the service of the summons of approximately two years from the date when the complaint was filed. Both of these motions rest in the sound discretion of the trial court, and when the losing party attacks either it is incumbent upon him to show manifest abuse of that discretion." (*Jackson* v. *DeBenedetti*, 39 Cal.App.2d 574, 577 [103 P.2d 990].)

"... the trial court committed no abuse of discretion in making the order from which the appeal has been taken. It may here be observed that the motion for dismissal was supported by affidavit of one of the respondents, that no counter-affidavit in opposition to the motion was filed by appellant, and no sufficient showing excusing a delay of 2 years 11

months and 26 days in bringing the action to retrial was made." (*Phillips* v. *Santa Ana Times,* 18 Cal.App.2d 280, 282-283 [63 P.2d 838].)

"A period of nearly four years elapsed between the date of filing the complaint and the date of the submission of the motion to dismiss the action as to respondents. The record discloses no excuse for the long period of delay in bringing the case to trial, or any state of facts which justifies the conclusion that the lower court abused its discretion in granting the motion to dismiss." (*Steinbauer* v. *Bondesen,* 125 Cal. App. 419, 427 [14 P.2d 106].)

"We would agree that when there have been mutual bona fide efforts to compromise and the plaintiff has delayed bringing the action to trial because of a reasonable belief, induced by the nature of the negotiations, that a trial could probably be avoided, it would be an abuse of discretion to dismiss the action." (*Cameron* v. *Cameron,* 110 Cal.App.2d 258, 261 [242 P.2d 408].)

In *Sawyer* v. *Palmer,* 121 Cal.App.2d 370, 371 [263 P.2d 475], the court said: "The long delay in bringing the cause to trial is admitted and no excuse for that delay is apparent from the record."

As to the statement that the decision of the court is within the discretion of the trial court, the point is covered in *Wisler* v. *California State Board of Accountancy,* 136 Cal.App.2d 79, 81 [288 P.2d 322], where the court said: "It is well settled that the determination of whether the plaintiff has been diligent in the prosecution of an action is in the discretion of the trial court, both as an inherent power and under the provisions of section 583. Its action will not be disturbed on appeal unless there has been an abuse of discretion. [Citation.] A study of the record hereinbefore set forth shows definitely that petitioner was not diligent in bringing his petition to hearing."

We see no abuse of the discretion of the trial court and plaintiffs have shown no reason why a good and proper complaint could not have been drawn through all these years, regardless of the alleged stabilization of injuries, so that this matter could have been brought to trial.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.